IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **BAYLESS PROPERTY GROUP, LLC** | * * * | |
| Debtor. | * * | |
| ——————————————— | * | |
| **QUICK RESPONSE FORCE, LLC and JOSHUA BROWN,** | * * * | CIVIL ACTION FILE |
| | * | NO.: 1:21-cv-02788-JPB |
| Plaintiffs | * * | |
| vs. | * * | |
| **BAYLESS PROPERTY GROUP, LLC and TAMARA RIDINGS,** | * * * * | CHAPTER 11 CASE NO.: 20-66871-jrs ADVERSARY PROCEEDING NO.: 20-06172 |
| Defendants. | * | |

**MEMORANDUM OF LAW IN SUPPORT OF APPEAL
FROM DENIAL OF MOTION FOR LEAVE TO LATE FILE APPEAL
PURSUANT TO FED. R. BANK. P. 8002(d)(1)(B)**

COMES NOW, QUICK RESPONSE FORCE, LLC (QRF) and JOSHUA BROWN (BROWN), Appellants/Plaintiffs in the above-styled Adversary Proceeding, and file this their MEMORANDUM OF LAW IN SUPPORT OF APPEAL FROM DENIAL OF MOTION FOR LEAVE TO LATE FILE APPEAL PURSUANT TO FED. R. BANK. P. 8002(d)(1)(B) against BAYLESS PROPERTY GROUP, LLC (BAYLESS) and TAMARA RIDINGS (RIDINGS),

Defendants in the above-styled adversary proceeding. Appellants/Plaintiffs hereby show the Court, as follows:

**(1) CORPORATE DISCLOSURE/RULE 8012 STATEMENT:** The Appellant's corporate disclosure statement is as follows: A) Appellant QUICK RESPONSE FORCE, LLC is a single member limited liability company owned by Co-Plaintiff, JOSHUA BROWN; and B) DEBTOR, BAYLESS PROPERTY GROUP, LLC to the best of the Appellant's knowledge and belief is wholly owned by Non-Debtor, TAMARA RIDINGS.

**(2) TABLE OF CONTENTS:**

A. (1) Rule 8012 Disclosure.     p. 2

B. (2) Table of Contents.     p. 2

C. (3) Table of Authorities.     p. 2

D. (4) Jurisdictional Statements.     p. 3

E. (5) Statement of Issues.     p. 4

F. (6) Statement of the Case.     p. 5

G. (7) Summary of Argument.     p. 6

H. (8) Argument.     p. 6

I. (9) Conclusion.     p. 9

**(3) TABLE OF AUTHORITIES:**

1. 28 U.S.C. [section] 1334(b)

2. Carter v. Rodgers, 220 F.3d 1249, 1253 (11th Cir. 2000)

3. Fed. R. Bankr. P. 8002(a)

4. Fed. R. Bankr. P. 8002(d)(1)(B)

5. Fed. R. Bankr. P. 8003.

6. Fed.Rules Civ.Proc.Rule 15(a), 28 U.S.C.A.

7. 11 U.S.C.§ 349

**(4)   JURISDICTIONAL STATEMENTS:**

   **(A)** the basis for the bankruptcy court's subject matter jurisdiction arises from the Chapter 11 bankruptcy filing by the Debtor BAYLESS with the removal of the pending state court claims of the Plaintiffs, QRF and BROWN against the Debtor BAYLESS and Non-Debtor RIDINGS for the bankruptcy court's determination of the claims of the Plaintiffs in an adversary proceeding. ("A proceeding is within the bankruptcy jurisdiction, defined by 28 U.S.C. [section] 1334(b), if it 'arises under' the Bankruptcy Code or 'arises in' or is 'related to' a case under the Code." Carter v. Rodgers, 220 F.3d 1249, 1253 (11th Cir. 2000).

   **(B)** The district court's has jurisdiction over the appeal pursuant to 28 U.S.C. § 158(a)(1).

   **(C)** The bankruptcy court's order denying the Plaintiffs' Motion for Leave to Late File was filed on June 28, 2021 and the Plaintiffs' Notice of Appeal of the denial order was filed on July 12, 2021.

   **(D)** The Appellants/Plaintiffs' appeal is from the bankruptcy court's denial of the Plaintiffs' Motion for Leave to Late File an Appeal of the bankruptcy court's

May 10, 2021 order granting Debtor BAYLESS Summary Judgment on all claims pending in the adversary proceeding against Debtor BAYLESS of the Plaintiffs in the adversary proceeding;

**(5) STATEMENT OF ISSUES:**

A.  The Bankruptcy Court applied the incorrect standard of review for the alleged Excusable Neglect of the Plaintiff's counsel in not filing an Appeal of the Summary Judgment within the initial 14 days allowed under the Bankruptcy Rules of Procedure. **This Issue is withdrawn.**

B.  The bankruptcy court improperly denied the Plaintiffs' Motion for Leave to Late File by failing to address the deficiencies created by the language within the footnote No. 7 on page 10 of the bankruptcy court's Summary Judgment order.

C.  The Bankruptcy Court erred when its failed to Amend its Order Granting Summary Judgment [32] to Debtor BAYLESS as the Bankruptcy Court acknowledged during the hearing on the Plaintiff's Motion for Leave to Late File Appeal that the Bankruptcy Court ordered the adversary proceeding closed without having first sought the District Court's determination of the viability of the non-core and still pending claims of the Plaintiffs against Non-Debtor RIDINGS.

D.  The Bankruptcy Court further erred in filing to Amend its order [33] closing the adversary proceeding without having first addressed whether or not it had jurisdiction over the Non-Debtor RIDINGS' counter-claims against the Plaintiffs

(6) **STATEMENT OF THE CASE:**

The above-styled matter was initiated as Chapter 11 bankruptcy proceeding by BAYLESS PROPERTY GROUP, LLC (Debtor BAYLESS) in the United States Bankruptcy Court, Northern District of Georgia, Case No.: 20-66871-jrs and next Debtor BAYLESS along with Co-Defendant, TAMARA RIDINGS (RIDINGS) removed that certain lawsuit styled QUICK RESPONSE FORCE, LLC and JOSHUA BROWN, Plaintiffs vs. BAYLESS PROPERTY GROUP, LLC and TAMARA RIDINGS, Defendants; Cobb County Superior Court, CAFN: 18105805 to the U.S. Bankruptcy Court, Northern District of Georgia; and, the Adversary Proceeding was assigned Case No.: 20-06172.

After the Debtor BAYLESS filed its Motion for Summary Judgment, the bankruptcy court granted the Debtor judgment against all claims of the Appellants/Plaintiffs in that certain Order, dated May 10, 2021; pursuant to Fed. R. Bankr. P. 8002(a) the Appellants/Plaintiffs had 14 days from the date of such order to file their appeal to the district court. The Appellants/Plaintiff instead waited until June 14, 2021 to file their Motion for Leave Late File an Appeal [3][1] pursuant to Fed. R. Bankr. P. 8002(d)(1)(B) and the undersigned counsel filed his declaration in support thereof. The bankruptcy court held a hearing on June 24, 2021 and issued its order denying such Motion for Leave to Late File as unfounded on June 28, 2021. This appeal was filed on July 12, 2021and this filing was within the 14 days

allowed for the filing of an Appeal [1] from the bankruptcy court's denial of the Motion for Leave to Late File an Appeal. Fed. R. Bankr. P. 8003.

**(7) SUMMARY OF ARGUMENT:**

**A.** Issue A. has been withdrawn.

**B.** The undersigned counsel's confusion was generated or caused by the language of the bankruptcy court's footnote 7 to its summary judgment order and in recognition of the premature closing of the adversarial proceeding to address the issues referenced and expanded upon by the bankruptcy court the order denying the Motion for Leave to Appeal should be reversed.

**C.** The bankruptcy court closed the adversarial proceeding without addressing the issue referenced in footnote 7 which the Appellants/Plaintiffs' undersigned counsel has identified as causing, in part, his confusion and delay in filing an appeal of the underlying order.

**D.** The bankruptcy court also failed to address with the closing of the bankruptcy case the claims of Co-Defendant RIDINGS still pending against the Appellants/Plaintiffs and this Issue should also be resolved with the reversal/remand with direction and amendment of the order of May 10, 2021.

**(8) ARGUMENT:**

A. The district court's review of the bankruptcy court's Order denying the Plaintiffs' Motion for leave to late file is for a clear abuse of discretion. Fed.Rules Civ.Proc.Rule 15(a), 28 U.S.C.A. Note: The Appellants/Plaintiffs withdraw this

Issue as the standard of review was not incorrect - instead the Appellants/Plaintiff refer the district court to its argument and authorities in Issues. B. - D. herein and below.

**B.** The district court's review of the bankruptcy court's Order denying the Plaintiffs' Motion for leave to late file is for a clear abuse of discretion. Fed.Rules Civ.Proc.Rule 15(a), 28 U.S.C.A. Note: The Appellants/Plaintiffs withdraw this Issue as the undersigned attorney's mistake in erroneously interpreting the meaning of the Court's footnoted language was his mistake in not having sooner sought the bankruptcy court's clarification.

**C.** The bankruptcy court, in the course of the conduct of the hearing on the Plaintiff's Motion, informed Appellant's undersigned counsel that it intended on forwarding the issue referenced in footnote 7 on page 10 of its order to the district court for resolution. The adversary proceeding was closed by the bankruptcy court's order granting summary judgment on May 10, 2021 as the Clerk closed the adversary proceeding on 6/9/21.(U.S. District Court Clerk's Docket - last entry.). It is the Plaintiffs' contention that the bankruptcy court should have instead issued an order amending its summary judgment order of May 10, 2021 to have addressed the issue of the determination of the non-core claims of the Plaintiffs against RIDINGS and for this reason the order should be reversed and/or remanded with direction after the district court completes its review as referenced by the

bankruptcy court in addressing the undersigned during the course of the hearing on the Motion for Leave to File a Late Appeal.

Pursuant to the 11th. Circuit Court of Appeals ruling in the Carter v. Rogers case, as cited to herein and above, the "dismissal of an underlying bankruptcy case does not automatically strip a federal court of jurisdiction over an adversary proceeding which was related to the bankruptcy case at the time of its commencement."( Citation omitted.) "Although dismissal of the bankruptcy case usually results in dismissal of all remaining adversary proceedings 11 U.S.C.§ 349 gives the bankruptcy court the power to alter the normal effects of the dismissal of a bankruptcy case if cause is shown." Id. at 1535. A bankruptcy court considers three factors in determining whether to retain jurisdiction over an adversary proceeding: "(1) judicial economy; (2) fairness and convenience to the litigants; and (3) the degree of difficulty of the related legal issues involved." Id.

The decision on whether to retain jurisdiction over a pending adversary proceeding is "left to the sound discretion of the bankruptcy court." Id. at 1534. While the underlying bankruptcy case remains open the bankruptcy court has not exercised its authority or followed through with its intended inquiry to the district court in the course of the conduct of the adversary proceeding.  As such review related to the claims of the Appellants/Plaintiffs the bankruptcy court failed to do so in its order and as such the order granting final judgment in the claims of Appellants/Plaintiffs against Debtor BAYLESS should be remanded for

Amendment after the district court's determination of the issues referenced in footnote 7.

**D.**  The Appellees' Notice of Removal included the counter-claims of RIDINGS agains the Plaintiffs and the bankruptcy court's Summary judgment order closing the adversary proceeding also failed to address whether or not it retained jurisdiction over such counter-claims. The bankruptcy court should have ruled within its final judgment as to the status of these claims as well under the authority of the Carter case. The bankruptcy court's order is deficient in this regard as well - it should be remanded for Amendment.

**(9) CONCLUSION:**

This court, regardless of whether the Appellants/Plaintiffs did or are even able to meet the high standard of showing excusable neglect in order to obtain the reversal of the denial of its Motion for Leave to File a Late Appeal, still remand the final judgment for amendment to address the Issues raised in sections C. and D. of this Appeal.

Respectfully submitted this 13th. day of September, 2021.

By:/s/ William L. Colvin
William L. Colvin
Ga. Bar # 179705
WILLIAM L. COLVIN, P.C.
Attorney for Plaintiffs/Appellants
QUICK RESPONSE FORCE, LLC and
JOSHUA BROWN
11080 Old Roswell Road

Suite 201
Alpharetta, Ga. 30009
(404) 410-6202 (o)
(770) 679-8797 (f)
will@colvin.com